Case 4:25-cv-02281   Document 10   Filed on 12/29/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
December 29, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRIS HALCOMB, | § |
| Plaintiff, | § § § |
| VS. | §   CIVIL ACTION NO. 4:25-CV-02281 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE (TDCJ), | § § § § |
| Defendant. | § § |

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Chris Halcomb, filed this case under 42 USC 1983, alleging that the Texas Department of Criminal Justice incarcerated him longer than his sentence permitted. He has not paid the filing fee, nor has he submitted a motion for leave to proceed *in forma pauperis*. On August 4, 2025, the Clerk's Notice of Deficient Pleading was returned to sender as "unclaimed" and "unable to forward." *See* Doc. No. 9.

To date, the plaintiff has not updated his address to provide the Court with a current, valid address as required by Rule 83.4 of the Local Rules for the Southern District of Texas, Houston Division. Under that rule, a *pro se* litigant is responsible for keeping the Clerk advised in writing of his current address. The Court will only send notices to the address on file. The plaintiff has clearly failed to provide the Court with an accurate, current address.

Plaintiff's failure to pursue this action leads the Court to conclude that he lacks due diligence. Therefore, under the inherent powers necessarily vested in a district court to

manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (stating that "[t]he failure to comply with an order of the court is grounds for dismissal with prejudice"); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order).

The plaintiff is advised, however, that relief from this Order may be granted upon a proper showing by filing a motion under Rule 60(b) of the Federal Rules of Civil Procedure within 30 days of this Order. At a minimum, a proper showing under Rule 60(b) includes full compliance with the Court's previous notices or orders, including either paying the filing fee or submitting a properly supported motion to proceed *in forma pauperis* as directed, and providing the Court with a valid, updated address.

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. This case is **DISMISSED** without prejudice for want of prosecution.
2. All pending motions, if any, are **DENIED as MOOT**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

Signed this 29th day of December 2025.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE